

U.S. Department of Justice
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*     (503) 727-1000
*Portland, OR   97204-2902*           Fax: (503) 727-1117

*Michelle Holman Kerin*
*Assistant United States Attorney*
*Direct: (503) 727-1178*
*Michelle.Kerin@usdoj.gov*

December 19, 2010

FILED
DEC 20 2010

**Via Email**
Mr. Steve Sady
Chief Deputy Defender
Federal Public Defenders' Office
101 SW Main, Suite 1700
Portland, OR 97204

Re:   *United States v. Steven Gabriel Moos*, USDC Case No. 04-CR-243-HA
      Plea Agreement Letter

Dear Mr. Sady:

As we discussed earlier this week, below is an offer to resolve the charges against your client, Steven Gabriel Moos.

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**: Defendant agrees to plead guilty to Count 3 of the Indictment which charges the crime of False Statement, in violation of Title 18, United States Code, Section 1001. It is the USAO's understanding that defendant is also under indictment in the Circuit Court in the State of Oregon, Washington County. The USAO will recommend to the Washington County District Attorney's Office that defendant should be permitted to plead guilty to a misdemeanor charge, designated by Washington County District Attorney's Office, and the remaining charges be dismissed. Defendant acknowledges and understands that the USAO's office does not have jurisdiction over such charges and can only make a non-binding recommendation to the Washington County District Attorney's Office.

3.   **Release from Custody**: The USAO agrees that following the entry of the defendant's guilty plea as outlined above, it will recommend that the defendant be released from custody, subject to specific conditions and supervision, pending sentencing. The USAO will further recommend to Washington County's District Attorney's Office that it lift its current detainer on defendant and recommend to the court that defendant be released pending sentencing. If defendant is released and thereafter sentenced in this matter to a sentence greater than the amount of time he has already served in federal custody for the charges in the Indictment, the USAO may

Revised 7-21-08

Mr. Steve Sady
Plea Agreement
USDC Case No. 04-CR-243-HA
Page 2

recommend to the court that the defendant be taken immediately into custody and not be permitted to self report to serve the remainder of his sentence.

4. **Penalties**: The maximum sentence for Title 18, United States Code, Section 1001 is five (5) years imprisonment, a fine of $250,000, three (3) years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

5. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss the additional counts of the Indictment in this case against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that under U.S.S.G. § 2B1.1(a)(2), the base offense level is six (6). No specific offense levels are applicable.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility, including by filing a Motion to Withdraw his plea (on any basis) and as otherwise explained in U.S.S.G. § 3E1.1.

9. **Recommended Sentence**: Pursuant to Title 18, United States Code, Section 3553(a) and so long as defendant demonstrates an acceptance of responsibility as explained above, the government will recommend that the court sentence defendant to a within-guideline-range of the applicable guideline sentence.

10. **Additional Departures, Adjustments, or Variances:** The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Revised 7-21-08

Mr. Steve Sady
Plea Agreement
USDC Case No. 04-CR-243-HA
Page 3

11. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the parties' agreements or recommendations.

13. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement and the attached cooperation agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

    Sincerely,

    DWIGHT C. HOLTON
    United States Attorney
    */s/ Michelle Holman Kerin*
    Michelle Holman Kerin
    Assistant United States Attorney

Revised 7-21-08

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/20/10
Date

Steven Moos, Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/20/10
Date

Steve Sady, Attorney for Defendant

Revised 7-21-08