**DWIGHT C. HOLTON, OSB No. 09054**
United States Attorney
District of Oregon
**ALLAN M. GARTEN, OSB No. 812360**
**MICHELLE H. KERIN, OSB No. 965278**
Allan.Garten@USDOJ.gov
Michelle.Kerin@USDOJ.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile: (503) 727-1117
michelle.kerin@usdoj.gov
        Of Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **04-CR-243-KI** |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **STEVEN GABRIEL MOOS,** | |
| **Defendant**. | |

The United States of America, through Dwight C. Holton, United States Attorney for the District of Oregon, and Michelle Holman Kerin, Assistant United States Attorney, hereby submits this sentencing memorandum.  The government asks the Court to sentence defendant to a high-end range sentence of six (6) months imprisonment  followed by a three (3) year term of supervised release.

**A.    Summary of Proceedings.**

On December 20, 2010, the defendant pled guilty to Count 3 of the Indictment which charges the crime of False Statement, in violation of Title 18, United States Code, Section 1001.

The maximum sentence for Title 18, United States Code, Section 1001 is five (5) years imprisonment, a fine of $250,000, three (3) years of supervised release, and a $100 fee assessment.

A Presentence Report (PSR) for defendant was finalized on April 7, 2011 and sentencing is currently set for Monday, April 18, 2011 at 11:00 a.m.  The government believes that the offense level calculations, and criminal history are accurately stated in the PSR.

**B.**     **Background**.

The factual background that the charge against defendant arises from is accurately summarized in the PSR.  The defendant's conduct that gave rise to the offenses charged given his position as a medical doctor in our society and with respect to his patients, is troubling.  The defendant's conduct as a result of law enforcement and the Oregon Board of Medical Examiner's ("OME") investigation into that conduct however, is nothing short of disturbing.  As a result, the government joins the United States Probation Office in recommending a high-end guideline range sentence of six (6) months imprisonment and three (3) years supervised release.

**C.**     **Sentencing Calculations.**

While not bound by the Sentencing Guidelines, courts must first consult the guidelines and take them into account at sentencing.  *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 767 (2005).  Even though the guidelines are advisory, they remain influential in an effort to ensure nationwide consistency in sentencing.  *Gall v. United States*, 128 S.Ct. 586, 596 (2007).  After the parties are given a chance to argue for a sentence they believe is appropriate, the court should consider the 18 U.S.C. § 3553(a) factors and decide whether they support the sentence advocated by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*citing Gall*,

128 S.Ct. at 596-97 n. 6). The court must then make an individualized sentencing determination based upon the facts. *Id.* The guidelines should not be given more or less weight than the other §3553(a) factors. *Id.* If the court decides a non-guideline sentence is warranted the Court must ensure the justification is sufficiently compelling to support the degree of variance. *Id.*

The parties agree that the defendant's advisory sentencing guideline calculations are as follows:

| | |
|---|---:|
| Base Offense Level, U.S.S.G. § 2B1.1(a)(2): | +6 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1: | -2 |
| **Total Offense Level**: | **4** |

The defendant has a criminal history category of II. With a criminal history category of II and an offense level of 4, defendant's advisory sentencing guideline ranges is between 0 to 6 months imprisonment.

**D.    Government's Recommended Sentence.**

The government recommends that the court impose a six (6) month sentence of imprisonment followed by a three (3) year term of supervised release. The sentence recommended serves the purposes of 18 U.S.C. § 3553(a).

First, and most significantly, the recommended sentence is appropriate given the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense and the need to reflect just punishment for the offense. Defendant occupied a significant position of trust–both with respect to his own clients and within the community generally. He purposefully misrepresented to the DEA his discipline history as a physician in order to obtain prescription drugs. He further misrepresented his DEA status to drug

manufacturers and wholesalers in order to obtain those prescription drugs.  In addition, according to the OME, he further misrepresented to his customers the efficacy of those drugs.  Defendant had several opportunities prior to the time this became a criminal matter to change his behavior yet failed to.  A high-end guideline range sentence tells other physicians, who hold great power and trust in our community, that making false statements to the DEA in order to obtain prescription medication is a serious offense.

Additionally, the proposed sentence satisfies the need to afford adequate deterrence to criminal conduct with respect to this defendant and the public in general.  In late-2003 through 2004, the defendant's prior counsel Mark Blackman began negotiations with this office to resolve these charges.  At the same time, both Washington County and the OME were investigating misconduct by the defendant.  Instead of resolving these matters, the defendant fled the jurisdiction for more than six (6) years.  During that time period, he resided in China where he practiced medicine despite the fact that in July 2004, his license to practice medicine was revoked by the OME.  He later absconded from China to the United Arab Emirates (UAE) and again continued to practice medicine, including performing surgeries, while he impersonated a famous American plastic surgeon.  He was convicted of a crime in the UAE and imprisoned as a result of his conduct. The defendant has a long history of flouting the law.  A high-end sentence would hopefully finally impress upon the defendant that the law applies to him and act as a deterrent.

The defendant asserts that the court should impose a time served sentence in part because: (1) he voluntary came back to the United States; and (2) he was detained longer than anticipated in Washington County.  Neither of these provide sufficient basis for a time served sentence.

**Page 4**   GOVERNMENT'S SENTENCING MEMORANDUM

First, while the defendant's lawyer assisted with defendant's return to the United States, the UAE would not release the defendant from custody until he had an airplane ticket out of the country. At the time, the defendant's passport was not valid and he did not have any legal ability to travel out of the country or pass into another country. Indeed, the FBI and State Department arranged for the defendant to be issued limited and temporary travel documents to ensure he was able to depart UAE. The UAE was so anxious to ensure that defendant left the country, they escorted him from UAE jail to his departing flight. In sum, the defendant simply did not have any choice but to come back to the United States.

The United States did confer with Washington County officials on a number of occasions. In addition, defendant was appointed his own counsel for the state charges pending. In its plea agreement with defendant, the government agreed and in fact did recommend to authorities in Washington County that defendant be required to plead guilty to one misdemeanor count and that he be released pending the disposition of his cases in federal and state court. Despite initial indications from Washington County that they were amenable to that outcome, the deputy district attorney indicated prior to defendant's entry of a guilty plea that the defendant would be required to plead guilty to one felony and one misdemeanor in state court (the same charges he was eventually convicted of). The government informed defendant of this position on the morning he entered his guilty plea. Despite this information, the defendant went forward with his guilty plea and then chose to opt for a court trial in the Washington County matter. Thus, defendant's additional incarceration was the result of his own criminal conduct that gave rise to those charges as well as his decision to seek a trial on those matters. That time was the result of his violations of state law–a matter separate from his violation of federal law.

Page 5          GOVERNMENT'S SENTENCING MEMORANDUM

Given the defendant's sentencing guideline calculations and the factors outlined in 18 U.S.C. § 3553(a), the government believes that the proposed sentence of six (6) months of imprisonment, followed by supervised release of three (3) years is appropriate in this case.

DATED this 15th day of April, 2011.

Presented by:

DWIGHT C. HOLTON
United States Attorney
District of Oregon


*/s/ Michelle Holmane Kerin*
MICHELLE HOLMAN KERIN, OSB#965278
Assistant United States Attorney